[Cite as *State v. Kellogg*, 2013-Ohio-4702.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99455**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARK KELLOGG

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527677

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Mark Kellogg appeals his conviction and sentence on 103 counts relating to crimes committed in connection with the "Enterprise, a subprime mortgage and loaning scheme, which led to the foreclosure of twenty-seven homes in the Slavic Village area." For the reasons stated herein, we affirm the judgment, except with regard to restitution. We reverse the amount of restitution ordered and remand the matter to the trial court for a proper determination in accordance with R.C. 2929.18(A)(1).

{¶2} On September 2, 2009, appellant, along with several codefendants, was charged under a multi-count indictment with engaging in a pattern of corrupt activity and related crimes committed in connection with the Enterprise. The indictment alleges that Kellogg, a mortgage loan officer, acted to secure loans for the purchasers of properties and perpetrated false and fraudulent loan applications for lender approval. The indictment also alleges that Kellogg was involved in down-payment schemes, that he participated in kickbacks and money laundering, and that he aided and abetted in the illegal acts of the participants of the Enterprise.

{¶3} The indictment refers to 78 loans made by the Enterprise during a three-year period, the majority of which were the subject of abandonment or foreclosure. However, only 27 of these properties were designated as "incidents of corrupt activity." The indictment listed the total of the loans for the 27 properties designated "incidents of corrupt activity" as $2,096,000. It also listed the total of the loans for all 78 properties as $5,831,500. The indictment further states that economic harm was inflicted upon

neighboring properties in Slavic Village, and that Cuyahoga County suffered lost tax revenues, which resulted from the abandoned or foreclosed properties. On certain counts, the victims were identified to include all of the lenders for the 78 properties associated with the Enterprise; the 78 listed properties of the Enterprise, including the 27 incidents of corrupt activity; adjacent and/or neighboring properties; and Cuyahoga County.

{¶4} Appellant eventually entered a guilty plea to 103 counts of the indictment. At the time of his plea, the prosecutor indicated the corrupt activity pertained to 27 properties with an aggregate loan loss of $2 million. The court recognized the maximum fine could be $6 million. In May 2010, the trial court sentenced appellant to a total prison sentence of 14 years, postrelease control of 5 years, and restitution in the amount of $5,831,500.

{¶5} Several postconviction motions were filed in the trial court. This court denied a motion for delayed appeal. Ultimately, on December 27, 2012, the trial court granted appellant's petition for postconviction relief, finding that he had not been apprised of his appellate rights at the time of sentencing, and the court issued an entry notifying appellant of his right to appeal the sentence.[1] Appellant proceeded to file the instant appeal.

---

[1] Though the issue has not been raised on appeal for review, we note that the appropriate procedure requires the trial court to reenter the judgment of conviction against the defendant, and thereby, reinstate the time for filing a timely notice of appeal. *See State v. Gover*, 71 Ohio St.3d 577, 581, 645 N.E.2d 1246 (1995).

{¶6} Under his first assignment of error, appellant asserts that "the trial court erred by imposing a sentence which was unduly harsh and not supported by the record." Appellant claims that the record is devoid of any justification for imposing a 14-year sentence, that his sentence was predicated upon improper considerations, and that his sentence was inconsistent with sentences imposed upon his codefendants.

{¶7} Initially, we recognize that appellant did not object to the alleged errors at the time of sentencing. Therefore, he has waived all but plain error on appeal. *See State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 152; *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 53. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶8} At the time of appellant's sentencing in 2010, the trial court had full discretion to impose a prison sentence within the statutory range and was not required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.[2] The record does not clearly and convincingly demonstrate that the sentence is contrary to law. R.C. 2953.08(G)(2). Each sentence was within the statutory range, and the trial court's sentencing entry reflects that the court

---

[2] On September 30, 2011, Ohio's General Assembly enacted Am.Sub.H.B. 86, which, in effect, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). Appellant's sentence was imposed pre-H.B. 86.

considered all required factors of law and that the court found prison is consistent with the purpose of R.C. 2929.11. We are also unable to conclude that the trial court failed to consider the sentencing factors of R.C. 2929.12, relating to the seriousness of the offender's conduct and the likelihood of recidivism.

{¶9} A review of the record shows that the trial court reviewed the presentence investigation report and the court was apprised of appellant's low risk for recidivism and lack of a prior felony conviction. The court indicated its belief that appellant was unlikely to reoffend. However, the court determined the seriousness of the offenses and the great economic harm that was caused by appellant's conduct warranted a prison sentence.

{¶10} The court heard statements from the prosecution, defense counsel, appellant, and several victims. Appellant argues that the economic harm caused to Slavic Village was too remotely associated with him and claims that the state inappropriately implicated him in the foreclosure crisis and the decline in property values. However, the trial court specifically indicated that it was "not singling [appellant] out for every problem that exists here." Further, the record reflects that appellant's conduct led to the foreclosure of at least 27 homes and contributed to the economic harm caused to other homes in Slavic Village.

{¶11} Appellant also claims the state went beyond the 27 homes that were designated incidents of corrupt activity and argued that there were 78 properties with a total loss to lenders of $5,831,500. The prosecutor referenced all 78 properties

associated with the Enterprise as being fraudulent, when only 27 homes were designated as "incidents of corrupt activity." Nonetheless, the trial court was aware that the indictment only listed 27 homes as being incidents of corrupt activity. Also, there was evidence reflecting that the economic harm caused by appellant's criminal conduct went beyond these 27 homes. The trial court sentenced appellant on the counts to which he pled, and there is nothing to indicate that the prosecutor's statements altered the length of the sentences imposed. Thus, we are unable to find that the statements by the prosecutor impacted appellant's substantial rights.

{¶12} The trial court sentenced appellant with regard to the 103 counts to which he pled guilty. While appellant argues that his sentence was inconsistent with the sentences imposed upon his codefendants, appellant pled to a far greater number of counts than his codefendants. Appellant pled guilty to over 100 felonies, and his sentence was well below the statutory maximum. Upon our review, we find no sentencing disparity.

{¶13} We do, however, find the trial court committed plain error with regard to the restitution amount because the amount ordered was not based on proper considerations or fully substantiated by the record. R.C. 2929.18(A)(1) authorizes a court to award restitution as follows:

> Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that

serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶14} With regard to this provision, the Ohio Supreme Court recently stated as follows:

R.C. 2929.18(A)(1) gives a sentencing court discretion to order restitution but not in an amount greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. The court may base the amount of restitution on an amount recommended by the victim, the offender, a presentence investigation

report, estimates or receipts indicating the cost of repairing or replacing property, and other information. Further, the statute mandates that the court must conduct a hearing if the offender, victim, or survivor disputes the amount.

*State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 3.

{¶15} In this case, it is apparent that the restitution figure of $5,831,500 coincides with the total loan amount for all 78 houses sold by the Enterprise. However, this figure did not establish actual loss to lenders. At the time of appellant's plea, the prosecutor represented that "the indictment talks about 27 properties, and the aggregate value of those properties per loan lost is $2 million." The indictment indicates a figure of $2,096,000 for these 27 properties. While the state did submit other evidence of economic loss, the restitution amount awarded by the trial court was not based on "the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense." Thus, we must remand the matter to the trial court for a proper determination of restitution in accordance with R.C. 2929.18(A)(1).

{¶16} Appellant's first assignment of error is sustained only as to the amount of restitution ordered, and is otherwise overruled.

{¶17} Under his second assignment of error, appellant asserts that he was denied effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial.

*State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶18}** Appellant argues his trial counsel was ineffective in failing to object to the prosecutor's statements at sentencing concerning there being 78 properties involved, as opposed to the 27 incidents of corrupt activity on which appellant was indicted, and failing to object to the restitution amount. Because we have already found that the trial court erred with regard to the restitution amount, we need not address counsel's failure to object. Further, having determined in the first assigned error that appellant's sentence was properly imposed otherwise, we cannot conclude that defense counsel's performance was deficient.

**{¶19}** Additionally, appellant argues that he was ineffectively counseled into pleading to over 103 counts of the indictment when his codefendants pled to far fewer counts. Appellant received a 14-year sentence after pleading guilty to 103 counts. The majority of appellant's sentence was run concurrently, with the consecutive sentences being imposed as to only four counts, which were felony 1 and felony 2 offenses.

**{¶20}** The record reflects that appellant's plea was made knowingly, intelligently, and voluntarily. Appellant has not identified any evidence in the record to suggest that counsel pressured him into entering the plea or that his plea was coerced. At the time of his plea, appellant represented that no promises or threats had been made to induce his plea and that he was satisfied with counsel's representation. Moreover, appellant was

informed of the charges and the potential penalties at the plea hearing. Appellant has failed to establish that he was prejudiced by his trial counsel's performance.

**{¶21}** Appellant's second assignment of error is overruled.

**{¶22}** Judgment affirmed in part, reversed in part; cause remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.



SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR