[Cite as *State v. Griffin*, 2021-Ohio-4128.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 110474, 110475, and 110476 |
| v. | : | |
| EUGENE GRIFFIN, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 18, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-647119-A, CR-20-650595-A, and
CR-20-655484-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John D. Kirkland, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, Lauren Hammersmith and Abigail Christopher, Assistant State Public Defenders, *for appellant.*

MARY J. BOYLE, A.J.:

**{¶ 1}** Defendant-appellant Eugene Griffin appeals the trial court's imposition of an indefinite sentence in Cuyahoga C.P. Nos. CR-19-647119-A, CR-20-650595-A, and CR-20-655484-A. Griffin raises two assignments of error:

> 1. The trial court committed plain error by imposing an indefinite sentence because Griffin did not plead guilty to a qualifying offense pursuant to R.C. 2929.144(A).
>
> 2. Griffin was denied his right to effective assistance of counsel when his counsel failed to object to the imposition of an indefinite sentence because Griffin did not plead guilty to a qualifying offense pursuant to R.C. 2929.144(A).

**{¶ 2}** The state, pursuant to Loc.App.R. 16(B), has conceded Griffin's first assignment of error. Finding merit in Griffin's first assignment of error, we vacate the sentence and remand for resentencing, which renders Griffin's second assignment of error moot.

## I. Procedural History

**{¶ 1}** In December 2019, Griffin was charged in CR-19-647119-A with felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony (Count 1); kidnapping in violation of R.C. 2905.01(A)(3), a first-degree felony (Count 2); and aggravated riot in violation of R.C. 2917.02(A)(2), a fourth-degree felony (Count 3).

**{¶ 2}** In May 2020,[1] Griffin was charged in CR-20-650595 with aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony (Count 1); robbery in

---

[1] In May 2020, Griffin was reindicted in CR-20-650595 on the same charges that were initially filed in May 2019 in CR-19-639742-A.

violation of R.C. 2911.02(A)(1), a second-degree felony (Count 2); robbery in violation of R.C. 2911.02(A)(2), a second-degree felony (Count 3); robbery in violation of R.C. 2911.02(A)(3), a third-degree felony (Count 4); grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony (Count 5); theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony (Count 6); theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor (Count 7); having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony (Count 8); improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony (Count 9); and failure to comply in violation of R.C. 2921.331(B), a fourth-degree felony (Count 10). Counts 1-6 included one- and three-year firearm specifications pursuant to R.C. 2941.141(A) and R.C. 2941.145(A). All counts except Counts 7 and 10 included forfeiture of a weapon pursuant to R.C. 2941.1417(A). These charges arose from offenses that occurred on November 25, 2018.

{¶3} In January 2021, Griffin was charged in CR-20-655484-A with assault in violation of R.C. 2903.13(A), a fifth-degree felony (Count 1), and harassment by inmate in violation of R.C. 2921.38(A), a fifth-degree felony (Count 2).

{¶4} In April 2021, Griffin entered a negotiated plea. Case Nos. CR-19-647119-A, CR-20-650595-A, and CR-20-655484-A were consolidated.[2] Griffin pled

---

[2] Case No. CR-19-639742-A was dismissed because Griffin was reindicted in CR-20-650595-A.

guilty in CR-19-647119-A to Count 1 as amended to assault in violation of 2903.13(A), a first-degree misdemeanor; Count 2 as amended to abduction in violation of R.C. 2905.02(A)(1), a third-degree felony; and Count 3, aggravated riot, as charged. Griffin pled guilty in CR-20-650595 to Count 1, aggravated robbery with a one-year firearm specification; Count 5, grand theft; Count 8, having a weapon while under disability; and the forfeiture specification on all three counts. All other counts and specifications in CR-20-650595 were nolled. Griffin pled guilty in CR-20-655484-A to Count 1, assault, as charged. Count 2, harassment by an inmate, was nolled. The parties recommended a four-year sentence with no judicial release.

{¶ 5} The trial court accepted Griffin's guilty plea and sentenced Griffin to an aggregate of four to five and a half years in prison: In CR-20-650595-A, the trial court sentenced Griffin to three to four and a half years for aggravated robbery and a consecutive one-year firearm specification (Count 1), a concurrent ten months for grand theft (Count 5), and a concurrent two years for having a weapon while under disability (Count 8). The trial court ordered forfeiture of the weapon and nolled all other counts and specifications. In CR-19-647119-A, the trial court sentenced Griffin to six months for assault (Count 1), two years for abduction (Count 2), and ten months for aggravated riot (Count 3). In CR-20-655484-A, the trial court sentenced Griffin to ten months for assault (Count 1) and nolled Count 2. All sentences the trial court imposed in CR-19-647119-A and CR-20-655484-A were to run concurrently with those imposed in CR-20-650595-A. The trial court credited Griffin with 858 days of jail time and waived court costs and fines.

**{¶ 6}** During sentencing, the trial court advised Griffin of the effect of the Reagan Tokes Act in calculating the indefinite sentence of three to four and a half years for aggravated robbery. Griffin now appeals this judgment.

## II. Indefinite Sentencing as Plain Error

**{¶ 7}** A sentencing error renders the sentence voidable. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. A voidable judgment may be set aside if successfully challenged on direct appeal. *Harper* at ¶ 26, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

**{¶ 8}** When a party fails to object to an error in the trial court, a reviewing court may only notice plain errors or defects affecting substantial rights. Crim.R. 52(B). *Payne* at ¶ 15. A reviewing court is subject to three limits when correcting plain error:

> "First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of CrimR. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights[,]' * * * mean[ing] that the trial court's error must have affected the outcome of the trial."

*Id.* at ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. In the context of felony sentencing, an "outcome determinative" error would be a sentence that is clearly and convincingly contrary to law. R.C. 2953.08(G)(2)(b). *See State v. Kellogg*, 2013-Ohio-4702, 1 N.E.3d 457, ¶ 8 (8th Dist.). Reversal is warranted if the party asserting plain error can show that the

outcome "would have been different absent the error." *Payne* at ¶ 17, quoting *State v. Hill*, 92 Ohio St.3d 191, 203, 2001-Ohio-141, 749 N.E.2d 274.

{¶ 9} In his first assignment of error, Griffin argues that the trial court committed plain error by imposing an indefinite sentence under the Reagan Tokes Act. Specifically, Griffin argues that he did not plead guilty to a "qualifying offense" pursuant to R.C. 2929.144(A).

{¶ 10} The General Assembly enacted the Reagan Tokes Act in Am.Sub.S.B. No. 201, which went into effect on March 22, 2019. The Reagan Tokes Act applies to "qualifying felonies," which are felonies "of the first or second degree committed on or after March 22, 2019." R.C. 2929.144(A). The Act requires a sentencing court that is imposing a prison term for "qualifying felonies of the first or second degree" to impose an indefinite prison term for those offenses. It further specifies that these indefinite terms will consist of a stated minimum term selected by the sentencing judge from the range of basic prison terms set forth in R.C. 2929.14(A) "and a maximum term that is determined" by formulas provided in R.C. 2929.144. *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 40.

{¶ 11} None of the offenses to which Griffin pled guilty meets the definition of a "qualifying felony" under R.C. 2929.144(A). The Act applies only to felonies "of the first or second degree committed on or after March 22, 2019." R.C. 2929.144(A). The only felony of the first or second degree to which Griffin pled guilty was aggravated robbery, a first-degree felony. However, Griffin committed this offense

on November 25, 2018, before the Act's effective date, so the robbery conviction does not qualify as felony "committed on or after March 22, 2019."

{¶ 12} Because Griffin did not plead guilty to any qualifying felony, the trial court could not impose an indefinite sentence pursuant to R.C. 2929.14(A). Nevertheless, the trial court relied on the Reagan Tokes formula during the sentencing hearing and in its sentencing journal entry to reach an indefinite sentence of four to five and a half years. During the sentencing hearing, the trial court explained to Griffin that R.C. 2929.14(A) permits sentences ranging from three to eleven years for first-degree felonies. The trial court chose the minimum sentence of three years and, after detailing the Reagan Tokes sentencing scheme, added half this minimum, or one and a half years, to create a maximum sentence of four and a half years for the aggravated robbery. The trial court then added a consecutive year for the firearm specification, making Griffin's aggregate sentence four to five and a half years in prison. The sentencing journal entry likewise cites the Reagan Tokes Act as informing Griffin's indefinite sentence.

{¶ 13} Because none of the offenses to which Griffin pled guilty was a "qualifying offense" as that term is defined by R.C. 2929.144(A), the trial court improperly applied the sentencing formula provided by R.C. 2929.144 to impose on Griffin an indefinite sentence ranging four to five and a half years. This sentence is clearly and convincingly contrary to the plain language of R.C. 2929.144. Griffin requests this court to modify the sentence. We decline to do so.

{¶ 14} Accordingly, the sentence is vacated, and the matter is remanded to the trial court for resentencing.

{¶ 15} Appellant's second assignment of error is moot.

{¶ 16} Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR