[Cite as *State v. Meeks*, 2022-Ohio-2436.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                     Court of Appeals No.  OT-22-015

         Appellee                           Trial Court No.  21-CR-I-208A

v.

Cainen Michael Meeks                  **DECISION AND JUDGMENT**

         Appellant                           Decided:  July 15, 2022

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, Cainen Meeks, appeals the March 8, 2022 judgment of the

Ottawa County Court of Common Pleas sentencing him to ten concurrent, indefinite

prison terms of 8 to 12 years.  Because the state concedes error under 6th

Dist.Loc.App.R. 10(H), and we agree that Meeks's sentences are clearly and

convincingly contrary to law, we reverse.

{¶ 2} Meeks pleaded guilty to counts 1 through 10 of a 100-count indictment. The charges included four counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and six counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1), all second-degree felonies. In the plea agreement, the state "inadvertently identified" all ten counts as "qualifying offenses under the Reagan Tokes Act"—i.e., as offenses that were eligible for indefinite prison terms under the Reagan Tokes Law, 2018 Am.Sub.S.B. No. 201, which went into effect on March 22, 2019. *See* R.C. 2901.011 (naming the Reagan Tokes Law and identifying March 22, 2019, as its effective date); R.C. 2929.14(A)(1)(a), (2)(a) (ordering that "the prison term shall be an indefinite prison term * * *" for any first- or second-degree felony "committed on or after the effective date of this amendment * * *"); R.C. 2929.144(A), (B) (defining a "'qualifying felony of the first or second degree'" for purposes of the Reagan Tokes Law as any "felony of the first or second degree committed on or after the effective date of this section"—March 22, 2019—and describing how a sentencing court is required to determine an offender's maximum prison term).

{¶ 3} The trial court's judgment entry from the plea hearing indicates that each of the charges that Meeks pleaded guilty to is "a qualifying offense under the Reagan Tokes Act * * *." However, the indictment alleges that these crimes occurred "on or about November 24, 2018, * * *"—well before the Reagan Tokes Law went into effect.

{¶ 4} The trial court's sentencing entry reflects that the court's misperception carried through to sentencing. The court specifically noted that "Counts #1 through #10

2.

of the instance [sic] offense occurred after March 22, 2019, and are therefore subject to indefinite sentencing, pursuant to Ohio Revised Code Section 2929.144."

**{¶ 5}** This case in now before us pursuant to a joint notice of conceded error filed by the parties under 6th Dist.Loc.App.R. 10(H).

**{¶ 6}** We review challenges to felony sentencing under R.C. 2953.08(G)(2), which allows us to increase, reduce, or modify a sentence, or vacate the sentence and remand the case for resentencing, only if we clearly and convincingly find either (1) that the record does not support the trial court's findings under certain statutory sections not applicable here, or (2) "the sentence is otherwise contrary to law." R.C. 2953.02(G)(2)(a)-(b). We have repeatedly recognized that "[a] sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and *imposed a sentence within the statutory range*." (Emphasis added.) *E.g., State v. Gipson*, 6th Dist. Ottawa Nos. OT-21-001, OT-21-002, and OT-21-003, 2022-Ohio-2069, ¶ 25, citing *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16; and *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

**{¶ 7}** The Reagan Tokes Law only permits a trial court to impose an indefinite sentence for a second-degree felony committed on or after March 22, 2019. R.C. 2929.14(A)(2)(a); R.C. 2929.144(A), (B). Under R.C. 2929.14(A)(2)(b), for any second-degree felony offense committed "prior to the effective date of this amendment * * *"—

3.

i.e., before March 22, 2019—"the prison term shall be a *definite* term of two, three, four, five, six, seven, or eight years." (Emphasis added.) The trial court here sentenced Meeks to *indefinite* prison terms for offenses that happened in 2018, before the Reagan Tokes Law was enacted. Because these sentences are outside of the statutory range for a second-degree felony committed before March 22, 2019, we find that Meeks's sentences are clearly and convincingly contrary to law. *State v. Griffin*, 8th Dist. Cuyahoga Nos. 110474, 110475, and 110476, 2021-Ohio-4128, ¶ 12-15 (indefinite sentence for a first-degree felony committed before March 22, 2019, was clearly and convincingly contrary to law because the offense did not meet the definition of a "qualifying" felony under the Reagan Tokes Law).

{¶ 8} Accordingly, the March 8, 2022 judgment of the Ottawa County Court of Common Pleas is reversed and the case is remanded for resentencing. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                               _____

                                                            JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.                                _____
CONCUR.                                            JUDGE

                                                              _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.