[Cite as *State v. Taugner*, 2023-Ohio-2117.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-P-0043** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| NICHOLAS J. TAUGNER, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 00111 |

# O P I N I O N

Decided: June 26, 2023
Judgment: Reversed and vacated; remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Nicholas J. Taugner ("Mr. Taugner"), appeals the judgment of the Portage County Court of Common Pleas that sentenced him to an indefinite term of imprisonment of 11 to 16 1/2 years following his guilty plea to one count of rape.

{¶2} Mr. Taugner raises two assignments of error on appeal, contending the trial court erred to his prejudice by (1) imposing the maximum sentence in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution and (2) imposing a sentence in excess of the maximum allowed pursuant to R.C. 2967.271, which is unconstitutional and

in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

{¶3} After a careful review of the record and pertinent law, we find Mr. Taugner was erroneously sentenced to an indefinite term of imprisonment pursuant to the Reagan Tokes Act. Since his offense was committed before the effective date of the Act, March 22, 2019, he should have been sentenced to a definite term of imprisonment. The state raised this issue in its reply brief when addressing Mr. Taugner's first assignment of error and concedes his sentence should be vacated and the matter remanded for resentencing. We agree this rises to the level of plain error, which also renders Mr. Taugner's assignments of error moot since he is challenging his sentence pursuant to the Act.

{¶4} The judgment of the Portage County Court of Common Pleas is reversed, Mr. Taugner's sentence is vacated, and we remand for resentencing in accordance with this opinion.

## Substantive and Procedural History

{¶5} In early February 2019, a Portage County Grand Jury indicted Mr. Taugner on three counts: (1) rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b) and (B) and R.C. 2971.03; (2) gross sexual imposition, a third-degree felony, in violation of R.C. 2907.05(A)(4); and (3) sexual battery, a second-degree felony, in violation of R.C. 2907.03(A)(5) and (B). The offenses were alleged to have been committed between May 23, 2016, to July 11, 2018, to one of his minor children.

{¶6} In April 2022, after several delays due to Mr. Taugner being found incompetent to stand trial, receiving treatment, and the COVID-19 pandemic, he agreed in plea negotiations with the state to plead guilty to one amended count of rape, a felony of the first-degree, in violation of R.C. 2907.02(A)(2). The state entered a nolle prosequi

2

to the remaining counts of the indictment. The court accepted Mr. Taugner's plea and further found him to be a Tier III sex offender.

{¶7} In July 2022, the trial court sentenced Mr. Taugner to an indefinite term of imprisonment of 11 years up to 16 1/2 years pursuant to the Reagan Tokes Act.

{¶8} Mr. Taugner raises two assignments of error on appeal:

{¶9} "[1.] The trial court erred to the prejudice of Mr. Taugner by imposing the maximum sentence in violation of Mr. Taugner's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

{¶10} "[2.] The trial court erred to the prejudice of Mr. Taugner by imposing a sentence in excessive of the maximum allowed pursuant to R.C. 2967.271, which is unconstitutional, in violation of Mr. Taugner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

### Indefinite Sentence Constitutes Plain Error

{¶11} Mr. Taugner was erroneously sentenced to an indefinite term of imprisonment pursuant to the Reagan Tokes Act. Since his offense was committed before the effective date of the Act, March 22, 2019, he should have been sentenced to a definite term of imprisonment. The state raised this issue in its reply brief when addressing Mr. Taugner's first assignment of error and concedes his sentence should be vacated and the matter remanded for resentencing. We agree this rises to the level of plain error, which also renders Mr. Taugner's assignments of error moot.

{¶12} A sentencing error renders the sentence voidable. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State v. Harper*, 160 Ohio St.3d 480,

3

Case No. 2022-P-0043

2020-Ohio-2913, 159 N.E.3d 248.  If challenged successfully on direct appeal, a voidable judgment may be set aside.  *Harper* at ¶ 26; *see State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

{¶13}  When a party fails to object to an error in the trial court, a reviewing court may only notice plain errors or defects affecting substantial rights.  Crim.R. 52(B).  *Payne* at ¶ 15.  A reviewing court is subject to three limits when correcting plain error:  (1) there must be an error or deviation from a legal rule, (2) which is plain, i.e., an obvious error in the trial proceedings (3) affecting a "substantial right," meaning the trial court's error affected the outcome of the trial.  *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶14}  In the context of felony sentencing, an "outcome determinative" error would be a sentence that is clearly and convincingly contrary to law.  *State v. Griffin*, 8th Dist. Cuyahoga Nos. 110474, 110475, and 110476, 2021-Ohio-4128, ¶ 10; R.C. 2953.08(G)(2)(b).  "Reversal is warranted if the party asserting plain error can show that the outcome '"would have been different absent the error."'"  *Id.*, quoting *Payne* at ¶ 17, quoting *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001).

{¶15}  In *Griffin*, an apposite case, the Eighth District explained:

{¶16}  "The General Assembly enacted the Reagan Tokes Act in Am.Sub.S.B. No. 201, which went into effect on March 22, 2019.  The Reagan Tokes Act applies to 'qualifying felonies,' which are felonies 'of the first or second degree committed on or after March 22, 2019.'  R.C. 2929.144(A).  The Act requires a sentencing court that is imposing a prison term for 'qualifying felonies of the first or second degree' to impose an indefinite prison term for those offenses.  It further specifies that these indefinite terms will consist of a stated minimum term selected by the sentencing judge from the range of basic prison

4

terms set forth in R.C. 2929.14(A) 'and a maximum term that is determined' by formulas provided in R.C. 2929.144. *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 40." *Id.* at ¶ 12.

{¶17} Mr. Taugner's offenses were committed between May 23, 2016, thru July 11, 2018, well before the effective date of the Reagan Tokes Act, March 22, 2019.

{¶18} The trial court should have sentenced Mr. Taugner pursuant to R.C. 2929.14(A)(1)(b), which states: "For a felony of the first degree committed *prior to March 22, 2019*, the prison term shall be a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years." (Emphasis added.) Thus, Mr. Taugner's indefinite term of imprisonment is "clearly and convincingly contrary to law."

{¶19} Accordingly, his sentence is vacated, and this matter is remanded to the trial court for resentencing.

{¶20} Since Mr. Taugner's assignments of error concern his sentence under the Reagan Tokes Act, they are rendered moot. *See* App.R. 12(A)(1)(c).

{¶21} The judgment of the Portage County Court of Common Pleas is reversed, Mr. Taugner's sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

5

Case No. 2022-P-0043