[Cite as *State v. Butler*, 2025-Ohio-5176.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

JORDAN DANIEL BUTLER,

    DEFENDANT-APPELLANT.

CASE NO. 14-25-18

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Trial Court No. 24-CR-0046

Judgment Reversed and Cause Remanded

Date of Decision:  November 17, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jordan Daniel Butler ("Butler"), appeals the April 2, 2025 judgment entry of sentencing of the Union County Court of Common Pleas. For the reasons that follow, we reverse.

{¶2} On March 8, 2024, the Union County Grand Jury indicted Butler on Count One of rape in violation of R.C. 2907.02(A)(1)(b), (B), a first-degree felony, and Count Two of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), (F), a fourth-degree felony. The indictment alleges that the offenses were committed in October of 2013. Butler appeared for arraignment on May 2, 2024, and entered pleas of not guilty.

{¶3} On January 15, 2025, a change-of-plea hearing was held. Under a negotiated plea agreement, Butler entered a guilty plea to amended Count One of rape in violation of R.C. 2907.02(A)(2), a first-degree felony, and Count Two was dismissed. The trial court accepted Butler's guilty plea and found him guilty.

{¶4} On April 2, 2025, the trial court sentenced Butler to a mandatory minimum term of 11 years in prison to a maximum term of 16.5 years in prison. The trial court ordered that Butler serve the indefinite prison term consecutively to a prison sentence he was currently serving for similar conduct in another county.

{¶5} On May 2, 2025, Butler filed a notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The Trial Court's Sentence Is Contrary To Law.**

{¶6} In his first assignment of error, Butler argues that his sentence of an indefinite prison term is contrary to law because the offense was committed prior to the enactment of the Reagan Tokes Law.[1] The State concedes that Butler was given a sentence that is not appropriate for the date of the commission of the offense.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} In this case, the trial court sentenced Butler to a mandatory minimum term of 11 years in prison to a maximum term of 16.5 years in prison for rape in violation of R.C. 2907.02(A)(2), a first-degree felony. The first-degree-felony rape was committed in 2013. Under R.C. 2929.14(A)(1)(b), "[f]or a felony of the first

---

[1] The Reagan Tokes Law took effect on March 22, 2019. *See* 2018 Am.Sub.S.B. No. 201.

degree committed prior to March 22, 2019, the prison term shall be a *definite* prison term of three, four, five, six, seven, eight, nine, ten, or eleven years." (Emphasis added.) *Compare* R.C. 2929.14(A)(1)(a) (stating that an indefinite prison term shall be imposed for a first-degree-felony offense committed on or after March 22, 2019).

{¶9} Since the trial court sentenced Butler to an indefinite prison term for a first-degree-felony offense committed prior to the enactment of the Reagan Tokes Law, the sentence is clearly and convincingly contrary to law. *See State v. Taugner*, 2023-Ohio-2117, ¶ 18 (11th Dist.) (concluding that the appellant's indefinite prison term was clearly and convincingly contrary to law since the rape offense was committed prior to March 22, 2019). Here, the trial court should have sentenced Butler under R.C. 2929.14(A)(1)(b) and imposed a definite prison term.

{¶10} Accordingly, we sustain Butler's first assignment of error and remand the matter to the trial court for resentencing.

### Second Assignment of Error

**The Trial Court Erred When It Ordered The Sentence To Be Served Consecutive To A Sentence Appellant Is Already Serving.**

{¶11} In his second assignment of error, Butler argues that the trial court erred by imposing consecutive sentencing. Based on our resolution of Butler's first assignment of error, his second assignment of error is rendered moot, and we therefore will not address it. *See State v. Benvenuto*, 2024-Ohio-5553, ¶ 29 (3d Dist.) (declining to address an assignment of error based on consecutive sentencing

-4-

when another assignment of error is sustained and the matter remanded for resentencing); App.R. 12(A)(1)(c).

{¶12} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Union County Court of Common Pleas and remand for further proceedings consistent with this opinion.

*Judgment Reversed*
*and Cause Remanded*

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 14-25-18

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the first assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge


_____
Mark C. Miller, Judge

DATED:
/hls

-6-